Filed 4/23/25  P. v. Bristow CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID EARL BRISTOW,<br><br>    Defendant and Appellant. | C101275<br><br>(Super. Ct. No. CR201322792)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on April 9, 2025, be modified as follows:

On page 2, first full paragraph, delete the second sentence and replace with:  "Applying the presumption of correctness to this case, we discern no error.  To the extent defendant contends the trial court might have misunderstood the standard to be applied, it was his duty to object or raise this assertion in the trial court.  Having failed to do so, we conclude his appellate contention is forfeited."  The full paragraph shall now read:

1

Defendant now contends that in declining to further reduce his sentence, the trial court abused its discretion in focusing on defendant's current dangerousness but not his future dangerousness. Applying the presumption of correctness to this case, we discern no error. To the extent defendant contends the trial court might have misunderstood the standard to be applied, it was his duty to object or raise this assertion in the trial court. Having failed to do so, we conclude his appellate contention is forfeited. We will affirm the judgment.

On page 4, after the first paragraph of the Discussion, insert the following paragraphs:

We review the trial court's decision to strike the great bodily injury enhancement, but not the firearm enhancement, for an abuse of its sentencing discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).) A trial court's use of " 'an incorrect legal standard' " demonstrates an abuse of discretion. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225, citing *People v. Knoller* (2007) 41 Cal.4th 139, 156.) However, " ' "[i]n the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Carmony*, at pp. 376-377.)

Here, defendant contends the trial court's failure to expressly rule upon his future dangerousness demonstrates that the court misunderstood its obligation to consider it. However, the record does not affirmatively show that the trial court misunderstood its resentencing obligations. (*Carmony, supra*, 33 Cal.4th at pp. 376-377.) If defendant believed the trial court failed to consider his future dangerousness, it was incumbent upon him to raise the issue in the trial court.

On page 4, delete last full paragraph of the Discussion beginning with "But Defendant did not preserve," and replace with the following paragraph:

Defendant's failure to object to the trial court's sentence or assert this contention in the trial court has forfeited this assertion on appeal. (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"]; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 464-465 [defendant's failure to seek rulings specific to amendments made by Senate Bill No. 567 (2021-2022 Reg. Sess.) forfeited complaints that the trial court did not consider those amendments].) It has also deprived defendant of the record necessary to overcome the presumption of correctness. (*Carmony, supra*, 33 Cal.4th at pp. 376-377.)

This modification does not change the judgment.

The petition for rehearing is denied.

FOR THE COURT:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
MAURO, J.


_____/S/_____
FEINBERG, J.

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID EARL BRISTOW,<br><br>    Defendant and Appellant. | C101275<br><br>(Super. Ct. No. CR201322792) |

In 2014, a jury convicted defendant David Earl Bristow of conspiracy to commit premeditated murder, attempted murder, assault with a firearm, and assault with a deadly weapon.  Among other things, the jury found true allegations that defendant used a firearm and inflicted great bodily injury as part of the conspiracy.  The trial court found that defendant had two prior prison terms and sentenced defendant to a determinate term of 15 years and an indeterminate term of 25 years to life in prison.  In subsequent

1

resentencing proceedings under Penal Code section 1172.75,[1] the trial court struck the two prior prison term enhancements and a great bodily injury enhancement, but declined further sentence reductions.

Defendant now contends that in declining to further reduce his sentence, the trial court abused its discretion in focusing on defendant's current dangerousness but not his future dangerousness. But because he did not object or raise this assertion in the trial court, we conclude his appellate contention is forfeited. We will affirm the judgment.

BACKGROUND

Defendant was paid to assist in killing the victim. As the victim was driving to work around midnight, a white pickup stopped in front of him. Defendant forced the victim from his vehicle at gunpoint, and the victim was beaten, stabbed, shot, run over by his own van, and left for dead. The victim survived. Defendant offered to finish the job for an additional $2,000. (*People v. Bristow* (Apr. 4, 2018, C076323) [nonpub. opn.] (*Bristow*).)

The jury convicted defendant of conspiracy to commit premeditated murder (§ 182, subd. (a)(1) -- count one), attempted murder (§§ 664/187 -- count two), assault with a firearm (§ 245, subd. (a)(2) -- count three), and assault with a deadly weapon (§ 245, subd. (a)(1) -- count five). Among other things, the jury found true allegations that defendant used a firearm (§ 12022.53, subd. (b)) and inflicted great bodily injury (§ 12022.7) as part of the conspiracy. The trial court found that defendant had two prior prison terms (former § 667.5, subd. (b)) and sentenced him to 25 years to life in prison for the conspiracy, 10 years for the firearm enhancement, three years for the great bodily injury enhancement, and one year each for the two prior prison term enhancements.

---

[1] Undesignated statutory references are to the Penal Code.

Terms for additional convictions and enhancements were imposed as concurrent or stayed under section 654.

This court affirmed the convictions in 2018 but remanded the matter for the trial court to consider whether to strike defendant's firearm enhancement in the interests of justice under amended section 12022.53, subdivision (h). (*Bristow, supra*, C076323.) On remand, defendant argued the interests of justice supported dismissing the firearm enhancement because even without the enhancement, he would not be eligible for release until he was 80 years old. The trial court disagreed, finding it would be a reasonable conclusion from the evidence that defendant shot the victim. The trial court added, however, that even if defendant had not shot the victim, it would not be in the interests of justice to strike the firearm enhancement because defendant possessed a firearm and participated in one of the most vicious attacks the trial court had ever heard about during its time on the bench.

Later, the Department of Corrections and Rehabilitation identified defendant as having two prior prison term enhancements that had been invalidated by subsequent law, and defendant filed a motion for full resentencing. Defendant argued the interests of justice strongly supported a reduced sentence under the new statutory criteria, noting there were multiple enhancements and an alleged connection between his crime and methamphetamine abuse, and also pointing to his age, diminished physical condition, and rehabilitative efforts. (§§ 1172.75, subd. (d)(3), 1385, subd. (c)) The parties provided further briefing and the trial court conducted a number of hearings. At one hearing, the victim opposed any reduction in sentence, identifying defendant as the person who shot him in the back of the head. At a hearing on May 31, 2024, the People asked the trial court to strike the invalidated prison priors but argued any further reduction was not in the interests of justice.

The trial court acknowledged there were multiple enhancements in the case, and also evidence that defendant's substance abuse might be a mental illness that contributed

3

to the offense. It also considered defendant's age, sobriety, and rehabilitation efforts. But the trial court said it had not been that long since defendant committed the offense, he did not immediately begin rehabilitation, and the nature of the offense was "horrific" and "involved great violence, great bodily harm, and other acts disclosing a high degree of cruelty, viciousness, or callousness." The trial court found that the manner of the offense showed planning, sophistication, or professionalism in that defendant was hired to commit the offense, bragged about stabbing the victim, and offered to complete the job for additional money. The trial court also noted that the victim was vulnerable and was shot, stabbed, and then run over with a vehicle.

The trial court said that in weighing all of those factors and considering the interests of justice, it was concerned that defendant presented a danger to public safety, but it also recognized that he had taken steps at rehabilitation. Ultimately, the trial court struck the two prior prison term enhancements and also struck the great bodily injury enhancement. But it declined to further reduce the sentence, resentencing defendant to a determinate term of 10 years and an indeterminate term of 25 years to life. Defendant did not object to the sentence or assert that the trial court abused its discretion.

DISCUSSION

Defendant contends that in declining to further reduce his sentence, the trial court abused its discretion in focusing on defendant's current dangerousness but not his future dangerousness. He argues that if the trial court had considered how dangerous defendant would be in the future when he is eligible for parole, it might also have struck the firearm enhancement.

But defendant did not preserve this contention for appeal because he did not object to the trial court's sentence or assert this contention in the trial court. (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"]; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455,

4

464-465 [defendant's failure to seek rulings specific to amendments made by Senate Bill No. 567 (2021-2022 Reg. Sess.) forfeited complaints that the trial court did not consider those amendments].)  If defendant believed the trial court had failed to consider his future dangerousness, it was incumbent upon him to raise the issue in the trial court.  His failure to object or ask the trial court to consider his future dangerousness forfeited the claim.

DISPOSITION

The judgment is affirmed.


          /S/

MAURO, J.

We concur:


/S/

ROBIE, Acting P. J.


/S/

FEINBERG, J.

5